

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. O-6991

Re: Landowner's rights in
abandoned roadway.

We are in receipt of your letter of recent date
requesting the opinion of this department on the above
stated matter. We quote from your letter, as follows:

"The question has arisen as to the function,
duties, and authority of the Commissioner's Court
regarding the following questions:

"A & B own adjoining tracts of land. By
agreement, about 45 years ago, A & B each set
their fence back to create a road between their
tracts of land. . . .

"This crossroad was never deeded to Waller
County. The fences were merely set back for con-
venience to owners A & B. This road has been im-
passable for 25 years and no maintenance of any
kind by the County has been done for 30 years.
This road has been abandoned for 15 years, and
weeds and grass grow waist high, thus creating a
severe fire hazard to A & B.

"Under the above circumstances does A & B
have the authority, without Commissioner's Court
approval, to close this road by a common fence?

"If your answer is No, then what is the
proper action to be taken by the Commissioner's
Court?

". . . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. P. Herms, Page 2


It has been held that the public right to a roadway is but an easement, whether the roadway is dedicated by the owner or acquired by purchase or established by prescription. (See: 21 Tex. Jur., Sec. 93, p. 622 and cases cited thereunder; Boone et al v. Clark et al, 214 S. W. 607; Humble Oil and Refining Co. v. Waggoner, 19 S. W. (2d) 457; C. W. Neil et al v. INdependent REalty Co. (Sup. Ct. Mo.) 70 A. L. R., 550).

In the case of Clutter v. Davis (Civ. App.) 62 S. W. 1107 (error refused), the Court said:

"Upon the discontinuance of the highway the soil and freehold revert to the owner. Mitchell v. Bass, 26 Tex. 380."

In connection with a question concerning the nature of the state's rights in connection with certain portions of former county roads which had been abandoned as public roads, where no formal deed or easement had ever been secured by the county or state from the owner for said roadway, this department held:

"We take it from the above quoted portion of your letter that none of the tracts in question were secured by an outright deed in fee simple from the fee owner to the county or state and answer your questions on that assumption. Therefore, the most that the state could own under the circumstances would be an easement for highway purposes. Thus, when the road is closed and abandoned the right to use and occupy the land would revert to the owner free and clear of the easement and the state would have no right to retain same for other purposes, as the state never had any right to use such land except for highway purposes. The fee simple title burdened with the easement remained in the owner thereof, at the time the easement was created, his heirs and assigns. This is true whether the easement was acquired by dedication from the owner for roadway purposes, acquired by purchase of a right of way for roadway purposes, condemned under the law of eminent domain for roadway purposes, or established by prescription."

In view of the above and foregoing, and under the facts stated in your letter, it is our opinion that when the county has abandoned a public road, such abandonment operates as a release to the owners of the right of public use of said road. It is further our opinion that, under such circumstances, the owners have the right to use and occupy such former roadway free and clear of easement for public road purposes, and that the approval of the Commissioners' Court in connection therewith is not necessary.

We trust that the foregoing satisfactorily answers your question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      J. A. Ellis
Assistant

JAE:RLT

